MAGGIE L. THOMPSON, Appellant

From Decree of Judge of Probate.

Lincoln.   Opinion April 9, 1919.

*General rule of Procedure governing probate appeals.   Supreme Court of Probate.
Powers of sitting Justice of Supreme Court of Probate.   Rule governing
verdict of jury upon issues submitted by presiding Justice.   Supreme
Court of Probate as distinguished from Law Court.   Distinction
between cases going to Law Court upon motion and cases
going on report.   Right of appeal when court sitting as
Justice of Supreme Court.   Right of appeal when
sitting as Supreme Court of Probate.*

This is a probate appeal.   On the fourth day of September, 1917, the Judge of
Probate of Lincoln County by proper decree allowed the last will and testa-
ment of M. Amanda Ford.   From that decree an appeal was taken to the
Supreme Court of Probate for Lincoln County.   At the October term, 1917,
the appeal was heard, and two questions of fact were submitted to the jury, one,
whether at the time of execution of the will the testatrix was of sound and dis-
posing mind and memory, and the other whether said instrument was her
voluntary act uncontrolled and uninfluenced by others.   To each question, an
affirmative answer was returned.   Counsel for appellant filed thereupon a
simple motion for new trial addressed to the Law Court, without any decree
being made by the Supreme Court of Probate.

*Held:*

1.  As a matter of strict statutory construction, it may well be doubted whether
this course of procedure is correct; but in view of  the fact that such a practice
has been of long standing, a majority of the court do not feel compelled to dis-
miss the motion on this ground without considering the merits of the case.   If
the customary procedure is to be changed  or modified, it had best  be done by
rule of court.

A careful examination of the record to determine the merits of the controversy
leads irresistibly to the conclusion  that the findings of the jury were  in strict
accord with the testimony, and that the decree of the Judge of Probate in
allowing the will was without error.

Appeal  from  the findings of  a jury, in  the matter of  will of
M. Amanda Ford, upon certain questions submitted to them at the
Supreme Court of Probate.   Judgment in accordance with opinion.
Case stated in opinion.

*Percie D. Jordan, and George A. Cowan,* for appellant.

*H. E. Hall, and Weston M. Hilton,* for proponent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

CORNISH, C. J.    This is a probate appeal.    On the fourth day of September 1917, the Judge of Probate of Lincoln County by proper decree allowed the last will and testament of M. Amanda Ford. From that decree an appeal was taken to the Supreme Court of Probate for Lincoln County.    At the October term, 1917, the appeal was heard, and two questions of fact were submitted to the jury, one, whether at the time of execution of the will the testatrix was of sound and disposing mind and memory, and the other whether said instrument was her voluntary act uncontrolled and uninfluenced by others.    To each question, an affirmative answer was returned. Counsel for appellant filed thereupon a simple motion for new trial addressed to the Law Court, without any decree being made by the Supreme Court of Probate.

As a matter of strict statutory construction, it may well be doubted whether this course of procedure is correct; but in view of the fact that such a practice has been of long standing, a majority of the court do not feel compelled to dismiss the motion on this ground without considering the merits of the case.    If the customary procedure is to be changed or modified, it had best be done by rule of court.

A careful examination of the record to determine the merits of the controversy leads irresistibly to the conclusion that the findings of the jury were in strict accord with the testimony, and that the decree of the Judge of Probate in allowing the will was without error.

The entry will therefore be,

>                    *Appeal dismissed with costs.*
>                    *Decree of Judge of Probate affirmed.*

---

SPEAR, J.    I concur in the result, but arrive at it in a way different from that of the majority.    The following opinion sets forth more fully the corrections that apparently should be made in the procedure in this class of cases, which the majority opinion perhaps wisely suggests should be made by a rule of court, rather than by a declaration of law.

But this opinion will at least have the merit of calling the attention of the profession to an examination of the statutes and the preferable mode of procedure to be pursued thereunder.

On the fourth Tuesday of October, 1917, the will of M. Amanda Ford of Bristol in the County of Lincoln, was proved and allowed by the Judge of Probate.

From the decree of allowance an appeal was taken, assigning as reasons, undue influence and unsound mind. In the Supreme Court of Probate the appeal was heard by a jury upon questions properly framed to submit each of these reasons.

Upon each, under proper instructions, the jury found for the proponent. Without any decree by the Supreme Court of Probate, adopting or disregarding the verdict, the appellant came directly to the Law Court upon motion for a new trial, on the usual grounds. This case presents an irregularity in practice which we think should be corrected. It will be observed by the preceding statement, that the probate appeal here involved was submitted directly to the jury, upon questions framed by the court; that a verdict was rendered; and that the motion for a new trial is addressed directly to the Law Court.

But we find no statute that provides authority or sanction for this method of procedure. R. S., Chap. 67, Sec. 36, prescribes the proceeding for disposing of a probate appeal, namely:—"Such appeal shall be cognizable at the next term of the Supreme Court, held after the expiration of thirty-four days from the date of the proceeding appealed from, and said appellate court may reverse or affirm, in whole or in part, the sentence or act appealed from, pass such decree thereon as the judge of probate ought to have passed, remit the case to the Probate Court for further proceedings, or take any order therein, that law and justice require and if, upon such hearing, any question of fact occurs proper for a trial by jury, an issue may be framed for that purpose under the direction of the court, and so tried."

The verdict of the jury under this clause is merely advisory, to inform the conscience of the court. Under the precise language of this present statute the court held in *Bradstreet* v. *Bradstreet*, 64 Maine, 204, as follows: "Courts of Probate are of special and limited jurisdiction. Their proceedings are not according to the course of the common law. They have no juries. Neither party, upon appeal, can claim as a matter of right, a trial by jury. The judge of the

Appellate Court may form an issue when, in his judgment, any question of fact occurs proper for a trial by jury, and not otherwise. The issue is to be formed and tried at law, but as in equity, to inform the conscience of the court, and under its direction."

It accordingly follows that a verdict of the jury may be disregarded or adopted by the Supreme Court of Probate, without right of appeal or exception to the act of that court. An exception may be taken to his decree, which simply raises the legal question, whether there is any evidence to support it, but not because either party had obtained any legal rights by virtue of the verdict. It further follows, a verdict being only advisory, that it has no effect one way or the other, without a decree, as the decree may be the one way or the other, it often happening that the court does not follow the advice of the jury. It is interlocutory, so to. speak. Hence this verdict cannot get past the sitting Justice, to go anywhere, either to the Law Court above or to the Probate Court below, without a decree of the sitting Justice.

But in the present proceeding, the verdict is brought directly to the Law Court, not to sustain or overrule the motion, but for a final decree upon the facts, and the court have several times said that this is proper practice. *Carvill* v. *Carvill*, 73 Maine, 136; *McKenney* v. *Alvord*, Id. 221; *Backus* v. *Cheney*, 80 Maine, 17. We are of the opinion that these cases are not based upon the provision, express or implied, of any statute. The Law Court is a statutory court, and derives its jurisdiction and powers from the statute. The Probate Court and Supreme Court of Probate are statutory courts, and in like manner derive all their powers from the statute. None of these courts can exercise any common law jurisdiction, nor any powers not conferred by statute. Under no statute is the Law Court authorized to perform any of the functions of the Probate Court, either original or appellate. R. S., Chap. 82, Sec. 46, defines the jurisdiction of the Law Court, and the only clause under which the present case could come is this: "Cases in which there are motions for new trials upon evidence reported by the Justice." But under this clause the court has never gone beyond the function of deciding whether the verdict shall stand or be set aside. No case can be found, except in the cases cited, where the Law Court has ever undertaken to perform the statutory duties of any other court, by

issuing judgments and decrees, except by express statutory author-
ity.   It may be here noted  that R. S., 1871 is referred to in the
opinions here discussed.

In *Carvill* v. *Carvill,* the court do not undertake to analyze  the
statute, but, ex  cathedra, assume that a statute applies that has no
relation  whatever to the Law Court.    We find this language in
the opinion, at the bottom of page 138:   "It has been argued that
the case is not properly before us.   By R. S., Chap. 53, Sec. 26, an
appeal may be taken from the Probate Court to this court, and this
court may reverse and affirm the proceedings of the Probate Court,"
and so on.   But what does the phrase "this court" mean as used in
this opinion?     The Law Court was speaking.    But this . statute,
invoked as authority, lacks the remotest reference to the Law Court.
The statute, instead of supporting, contravenes the very basis upon
which the opinion is founded.   Sec. 26 provides for an appeal to the
"next term of the  Supreme Court," sitting at nisi.    Sec. 21, same
chapter, declares that the Supreme  Judicial Court is made the
Supreme Court of Probate.    Hence "this court," as used in the
opinion, was not the Law Court at all, but the sitting Justice, who-
ever he may be, at a nisi prius term, who acts in all probate appeals
at such term, as the Supreme Court of Probate.    There is no other
Appellate Court known to the statute, authorized to finally pass upon
any matter originating in the Probate Court, nor does the opinion
attempt to point out any other.

But the Law Court passed fully upon  the merits of  that  case.
Accordingly the phrase "this court" must have been intended to
mean, to give any force to the reasoning, that the Law Court and the
Supreme Court of Probate are one and the same, in their jurisdiction
and power over probate  appeals  whereas, as has  been  shown, the
Supreme Court of Probate is a single member of the Supreme Judicial
Court, whose appellate jurisdiction is entirely limited to a nisi prius
term, that is, whose  powers are absolute over all  probate  proceed-
ings, including the verdict of a  jury, and whose decrees are  final,
without appeal, and subject to exceptions only upon  matters of law.
It would  therefore  seem clear that "this court" is not  any part of
the Law Court as such.

But it was further said "The trial by jury was had.   All the inci-
dents of such trial follow.   A foreman must be chosen, unanimity
required.   The verdict may be wrong.   A motion may be filed for a

new trial. The rulings of the presiding justice may be erroneous. exceptions may be alleged. This must so be for the furtherance of justice, for wrong verdicts, whether from the mistaken judgment of the jury, or induced by the erroneous instructions on the part of the judge should be corrected." This is a very specious argument, and in its application to ordinary actions at law is well founded. But the answer already appears in the reference to the statutes, conferring and defining the powers of the Supreme Court of Probate. Not one of the privileges enumerated in the above paragraph accrues to either side in a probate appeal, as a matter of legal right. Even the jury trial does not. If, therefore, a motion is filed, it need not be treated even with the dignity of being overruled. It may be ignored by the Appellate judge. A bill of exceptions may be treated in the same way. "A motion or exceptions for the correction of errors, whether by the court or jury," may be peremptorily overruled without reasons therefor, by a decree of the Appellate Court from which there is no appeal. The Appellate Court is what the statute says it is, Supreme, and there are only two ways in which the court itself can send any matter of fact to the Law Court, except through its decree, and that is upon report or upon an agreed statement of facts, and both must be by consent of the parties. This has been frequently done, as in *Stilphen, Appellant*, 110 Maine, 146.

That opinion, moreover, in discussing the motion, entirely ignores the statute and its interpretation, that a trial by jury in probate appeals is discretionary and when rendered, only advisory, and undertakes to remove these impediments by holding that another statute, Chap. 82, Sec. 33, authorizes a motion for a new trial, "and it matters little in what class of cases the jury trials are had." But it will hereafter be seen that this motion applies to a common law verdict, and has no relation to a verdict in a probate appeal.

It should be observed that the legislature authorized the single Justice, sitting at the Supreme Court of Probate, to direct a jury trial, at his discretion, that the trial and verdict might enlighten his conscience, not that of the Law Court. And here the verdict of the jury ends. The statute does not provide for any motion on this verdict. And here the legislature intended it to end, as the force of this verdict, compared with the force of a verdict at common law, shows that it matters much in what class of cases a jury trial is had.

It already appears that the verdict in a probate appeal is advisory only, and has no binding force upon the court. If he ignores it, there is, as a matter of law, neither a right to a new trial, nor exceptions, nor appeal. Not so, however, with a verdict at law in the Supreme Court. The jury is here a constitutional tribunal. No man shall be deprived of life, liberty, property or privileges ''but by a judgment of his peers or the law of the land.'' The jury are his peers. Whenever, therefore, a party is entitled to a jury trial as a matter of right, the verdict of such jury is not subject to the conscience of the court, but is a binding judgment, under the constitution and laws of the state, and can be reviewed by the presiding Justice or by the Law Court, and disturbed only when there is a failure of any substantial evidence to sustain it, or because of the manifest bias, prejudice, or misunderstanding of the jury. If the verdict is set aside by either the presiding Justice or the Law Court the only effect is to leave the case for another trial.

In the one case a jury trial is not a matter of right; in the other it is a most sacred right, that has come down through the common law from the days of magna charta. In the one case the sitting Justice can disregard the verdict and decide the case adversely to it without new trial, exception, motion or appeal. In the other the verdict cannot be disturbed by the Law Court or a single Justice without giving the right of a new trial. In the one case it is a statutory verdict; in the other a common law verdict.

It is therefore evident that the legislature in the provision that a verdict may be set aside on report of the evidence to the full court, R. S., Chap. 82, Sec. 33, intended a verdict rendered in a court of common law. The language of the section so indicates. ''When a motion is made in the Supreme Judicial Court to have a verdict set aside as against law or evidence, a report of the whole evidence shall be signed by the presiding Judge,'' undoubtedly means the presiding Justice sitting at nisi in the Supreme Judicial Court, and not a single Justice sitting as the Supreme Court of Probate. This suggestion will be again referred to.

The constitution of the Supreme Court of Probate confirms this interpretation. While the personnel of the court remains the same, a justice, sitting at nisi, by the presentation of a probate appeal is automatically converted into a Supreme Court of Probate, with a different jurisdiction and different powers as already noted. But a

marked difference may be pointed out in this particular, that at a nisi trial the sitting Justice is inhibited by statute from expressing any opinion upon any question of fact, while, as appellate judge, he has power to finally decide every question of fact, even to the extent of reversing by his decree, the verdict of the jury.

It seems to us, therefore, that it matters "not a little," but that it matters much, in what class of cases a jury trial is had, when we are considering the procedure by which such trial is regulated.

In *McKenney* v. *Alvord*, 73 Maine, 22, the court affirms *Carvill* v. *Carvill*, and bases its decision upon an interpretation of the statutes, in pari materia, relating to this subject matter. Paragraph 2 of the opinion, on page 224, reads as follows: "We have no doubt of the power of this Court to consider and pass upon the motion. By R. S., Chap. 63, Sec. 21, the Supreme Judicial Court, which, according to R. S., Chap. 77, Sec. 1, consists of a Chief Justice and seven associate justices, is made the Supreme Court of Probate, and has appellate jurisdiction in all matters determinable by the several judges of probate, and while appeals from the Probate Courts are cognizable in the first instance at a nisi prius term held by one member of the Appellate Court, and his decision may in some cases be final, in very many cases his doings are subject to revision, according to the ordinary course of proceeding by the Law Court, and any errors in law, into which he may fall, may be corrected, or any questions which he may see fit to present by report to the Law Court are cognizable by it upon proper proceedings to bring them before it." We are not quite able to comprehend the meaning of this paragraph. But it seems to be based upon the assumption, that, since the statute says the Supreme Judicial Court shall consist of a Chief Justice and seven associate justices; and that the Supreme Judicial Court is the Supreme Court of Probate; that therefore the Chief Justice and seven associates, as a whole or sitting in banc, is the Supreme Court of Probate.

But the construction of these two sections together, R. S., 1871, Chap. 63, Sec. 21, and Chap. 27, Sec. 1, is illogical and forced. They do not go together. Chap. 77, Sec. 1, merely defines the composition and qualifications of the court, and has nothing whatever to do with assigning its powers or jurisdiction. And, that Sec. 21 of Chap. 63 refers to the Chief Justice and seven associates as an Appellate Court, is contradicted by the section, itself, in which it is specifically

provided that an appeal shall be to the "Supreme Court in and for the same county;" and this Supreme Court is the Supreme Court of Probate, with a single Justice sitting at nisi; and this Supreme Court of Probate is the same Supreme Judicial Court which the opinion says, by construction, in pari materia, refers to the Chief Justice and seven associate Justices. Section 26 of Chap. 63 also negatives such construction, which provides that "probate appeals shall be cognizable at the next term of the Supreme Court," a nisi prius term. These statutes so clearly prove that Sec. 21 of Chap. 63, and Sec. 1 of Chap. 77 have no relation to each other that further discussion of this point would be mere surplusage. This reasoning, however, seems to be intended by the further remark that "appeals are cognizable in the first instance at a nisi prius term held by one member of the Appellate Court."

But it should here be noted that the sitting Justice is not a member of the Appellate Court. He is the Appellate Court, and he alone, and is so specifically denominated by the very statute invoked. The statutes are so plain that he who runs may read. "The Supreme Judicial Court is the Supreme Court of Probate" means the Supreme Judicial Court sitting at nisi, held by a single Justice hearing a probate appeal, as every statute relating to the subject matter, not by implication, but by express provision, clearly prescribes. As before seen, the personnel of the two courts is the same.

That opinion, however, rests wholly on the interpretation of the first specification of R. S., 1871, Chap. 77, Sec. 13, which provides for a motion to set aside a verdict, as the following quotation shows, "The present case is one which falls directly under the first specification in Sec. 13, Chap. 77 (R. S., 1871), of cases that come before the Court as a court of Law," viz: "Cases in which there are motions for a new trial upon evidence reported by the Judge." This is the only statute referred to under which jurisdiction of the motion, and a full decree thereon, is assumed. But it should be observed that this statute, like the clause in the Federal Constitution which provides that "The judicial power shall extend to all cases in law and in equity" is not self executing. It merely defines the subject matter of jurisdiction. It is the machinery provided to put this jurisdiction into operation, that determines its purpose. Accordingly it is not Sec. 13 of Chap. 77 at all that we must consider in determining the jurisdiction of the Law Court, but an entirely different chapter, R. S.,

1871, Chap. 82, Sec. 33, which provides what this jurisdiction shall embrace, what motions shall go up and how they shall go, viz: "When a motion is made to the Supreme Judicial Court to set aside a verdict as against law or evidence, a report of the whole evidence shall be signed by the presiding Judge."

This statute was amended in 1913, Public Laws, Chap. 103, so that as incorporated in the revision of 1916, Chap. 87, Sec. 57, it reads as follows: "When a motion is made to the Supreme Judicial Court to have a verdict set aside, as against law or evidence, a report of the whole evidence shall be signed by the presiding (Judge) justice, *or authenticated by the certificate of the official court stenographer.*" The underscored phrase is the amendment.

In its bearing upon the contention in the opinion that the presiding Justice, sitting as the Supreme Court of Probate, is invested by this statute with authority to "Report the whole case to this court for determination, as is his right under Sec. 13," this amendment seems conclusive. As seen, this section, by itself, confers no powers whatever. Without Sec. 33, Chap. 82, it would lie dormant. But let us assume that the opinion had in mind the jurisdiction conferred by Chap. 83, Sec. 33, 1871, over a motion. Then, by the interpretation found in the opinion, this statute must be held to have conferred judicial powers upon the Justice in the act of certifying the motion.

Note, however, that the wording, scope and effect of this section of the statute was precisely the same before the amendment as after, so far as the powers of the Justice are concerned. He could send up a motion before just as he can now. If he had judicial powers before he has them now.

But by the amendment, the court stenographer can certify the report of the evidence on a motion without the knowledge and consent of the presiding Justice. Yet it can not be conceived that this amendment was intended to confer judicial powers upon the court stenographer. But, by it, the court and the stenographer have equal powers. If then, there was ever any doubt as to the precise meaning of this statute, the amendment removes it and clearly reveals that the only purpose of requiring the Justice to "sign" a report of the evidence on motion, was to officially certify it to the Law Court. This amendment, giving the stenographer equal power with the Justice to certify, is convincing that the "signing" of the report was, and is, regarded as a ministerial act involving the exercise of neither

judicial nor discretionary powers over the transfer of a case to the Law Court on motion nor of the action of the Law Court thereon.

Therefore, the claim, that the Appellate Court of Probate can report "any question which he may see fit" to the Law Court for solution, is erroneous. We are unable to find any statute that enables him to submit a single question to the Law Court, except by agreement of parties. He is, while sitting, supreme. His duty is to consider all questions properly submitted to his jurisdiction, and by proper decrees certify his findings to the court below.

His court is a creature of the statute, and we repeat, we are unable to find any statute that authorizes him to make even an official inquiry of the Supreme Court, as a whole, as individuals, or as a Law Court.

It is, therefore, apparent that the signing of the evidence is not reporting the case to the Law Court, under any rule of law. But the language of the court as applied to this proceeding seems to imply that it should be treated as a report upon an agreed statement of facts.

To clarify the interpretation of these statutes, in view of the theory upon which these opinions seem to be predicated, the distinction between a case going to the Law Court upon motion and upon report, should be noted. The opinions proceed upon the presumption of reported cases.

But a report and a motion represent two distinct methods of procedure. "On motion" when printed on the cover of the case always means a motion to set aside the verdict of the jury. "On Report," is equally expressive and always means a report of the evidence without a verdict sent up by consent, or on an agreed statement of facts, for the decision of the Law Court acting in the capacity of a jury. The same statute (Sec. 13, 1871) giving jurisdiction over a motion gives jurisdiction over report, but there is no separate statute providing how jurisdiction shall be taken as in case of a motion. The Law Court gets jurisdiction over questions of facts only by consent of the parties. A motion is a matter of legal right; a report, a matter of agreement. It is accordingly evident that "a motion" so set aside a verdict cannot be treated in any case as a report."

By the process of elimination we fail to find any statute that warrants the practice recognized in these two cases.

If, then, we are correct in our conclusion that the Law Court has no jurisdiction over the merits of the case on motion from the

Supreme Court of Probate the futility of such practice at once appears and negatives the legislative intent to ever have inaugurated it. We have already seen that upon motion the Law Court cannot render a decree on the merits of the case. They can only send it back for a new trial. But how futile it might be for the Law Court to either sustain or set aside a verdict, coming over the head of and without any decree of the Supreme Court of Probate. Suppose, for instance, the Law Court sustains the verdict, and remits the case to the Supreme Court of Probate. Non constat, the appellate judge will agree, as he may by his final decree disregard the verdict and come to an entirely different conclusion.

Neither the policy nor enactment of the legislature could have intended any such inconsistent methods of procedure. We therefore conclude that a motion to set aside a verdict applies only to a common law verdict.

If, however, the parties in any of these proceedings had sent to the Law Court a report or an agreed statement of facts, the Law Court would have been authorized to act in place of the Appellate Court, and could then have rendered any judgment or decree the Appellate Court could have rendered. In no other way known to the statute could the Law Court render a decision on the merits of the case over the head of the Appellate Court.

Again, in no event can the Law Court render a final judgment upon a question of fact upon a motion for a new trial. Their mandate is "Motion sustained," or "overruled," as the case may be. They cannot even pass a binding judgment upon the amount of damages, when they desire to sustain the verdict and reduce the damages. They can only use the coercive phrase, "a remittitur of damages to such an amount or new trial granted." We know of no final judgment they can render upon a mere motion for a new trial.

But the Law Court in these cases on motion only, rendered final decrees; in the Carvill case as follows, "Motion overruled. Judgment on the verdict. The decree of the Probate Court reversed. The instrument purporting to be the last will and testament of James Carville disallowed and rejected, and he be decreed to have died intestate, and the case remanded to the Probate Court for further proceedings. Costs of both parties to be paid out of the estate." In the McKenna case the decree is as follows: "Motion overruled. Decree approving and allowing the will dated January 5, 1878, and

rejecting and disallowing the codicil thereto dated August 6, 1879, to be signed; and case remanded to Probate Court for further proceedings in conformity with this decree."

From the analysis and reasons given for the decision in this last case, we think it not an entirely improbable conclusion that the court might have confused a report of the evidence on motion with a report of the evidence on an agreed statement.

There is one other consideration which we think important. We believe the legislature had an express purpose in view in enacting these statutes, and leaving them just as they did. It will be seen that in probate appeals it left the submission of a case to the jury, not as a matter of right, but as a matter of discretion in the sitting Justice, and made such verdict, not binding, but merely advisory.

We feel that the plain purpose of the legislature, in making the decree of the Appellate Court necessary and final, even over the ·verdict of a jury, was to prevent protracted and expensive litigation, over questions of fact in the settlement of estates, and at the same time authorize a method of procedure which would enable the Appellate Justice sitting as a Supreme Court of Probate, to avail himself of the advantage of a jury trial and verdict, upon such questions of fact as he might see fit to submit, and might deem of assistance to himself in making his final decree. He would also have the benefit of an observation of the parties and witnesses, which would further enable him personally to determine whether the verdict should be adopted or disregarded in his final decree.

The omission of the statute to provide any appeal from the decree of the Appellate Court confirms the soundness of this interpretation. Only questions of law on exceptions, are left open. In *Thompson, Appellant,* 116 Maine, page 477, involving exceptions to a decree of Supreme Court of Probate, it is said: "Under these exceptions the only question open for determination in this court are questions of law. The findings of fact by a Justice presiding in the Supreme Court of Probate are conclusive and not reviewed by the Law Court, if the record shows any evidence to support them. It is the finding of facts without evidence that can be challenged by exceptions."

Statutes are not made haphazard. They are based upon the rules of experience, and intended to accomplish results based upon these rules. The statutes we are considering are no exception. The purpose of the statute in regard to verdicts in probate appeals is

obvious.  A moment's reflection reveals the fact that the questions which may be answered by a verdict may constitute but a portion of the matters necessary to be considered in the making of a final decree that shall be broad enough to cover the whole case.  Many questions may arise, besides the questions of fact, which are the only questions that can be submitted to the jury.  Important legal questions may be involved, to be applied to the facts as found by the jury.

This view of the case is fully supported and admirably expressed in *Withee* v. *Rowe*, 45 Maine, page 585.  After stating, as has been repeatedly held, that the verdict of a jury in this class of cases is advisory only, the court go on to say:  "But whether the facts in dispute shall be settled by the jury or not, is subject to the discretion of the court, in the exercise of its discretion.  Notwithstanding certain issues of fact may be tried and determined by a jury in probate proceedings, other questions of grave import, of law, and even of fact, may be suffered to remain, to be settled by the court, and which may materially influence the final decree.  Something in the will itself, aside from anything involved in the issues of fact, tried by the jury, may bear upon the question whether the will shall be approved or not.  The jurisdiction of the Court of Probate in the county, where the decree from which the appeal was taken, may be denied.  Another will, claimed to have been executed subsequently to the one in controversy, may be introduced, in relation to which no issue of fact has been made up.

The great question involved, where a will is offered for probate, is whether it is the last will and testament of the person purporting upon its face to be the testator.  Answers to the questions, in proper form, was it, or not, executed in a legal sense, by the person whose name is affixed thereto?  Was he, or not, at the time of the execution, of a sound and disposing mind and memory? and, was the will attested according to the requirements of law? are all material elements in this general inquiry.  All these may be answered in favor of the party praying that the will may be approved and allowed; and other questions may still demand the attention of the Court, before a final decree can be pronounced."

Yet in the opinions herein discussed, the Law Court takes jurisdiction of a motion to set aside one of these verdicts, and enters decrees, itself, not remitting it to the Supreme Court of Probate, but disposing of the whole case upon the evidence taken out upon one or two questions of fact only.

. It is unnecessary to review *Backus* v. *Cheney*, which, without any reasons, affirms *Carvill* v. *Carvill*.

Were the questions here those of practice merely, we should hesitate to disturb the rule followed in the cases discussed. But as the legislature, by express statute, or necessary implication, never intended to authorize such practice, and as reason and authority both show the inadequacy of facts and data, upon a mere motion, upon which to found a final decree, the question becomes one of substantial importance to the rights of property, and should no longer be permitted to obtain against the plain provisions of the statute, and manifest intention of the legislature.

We would further say that we in no sense intend to criticise the profession for pursuing at times, this mode of procedure. They were fully justified in doing so. But as the present case brings the question of practice sharply before the court, we had either to approve a procedure for which we could find no warrant in the statutes, or overrule the opinions discussed, and give an interpretation which we believe both reason and authority approve. It is also a satisfaction to note that the result of this opinion will work in strict accord with a just determination of the case before us. The decree of the Probate Court is supported by the evidence.

Our conclusion accordingly is that the Law Court has no jurisdiction in a mere motion for a new trial on the verdict of a jury rendered in a probate appeal; that the practice required by the statute is that the Supreme Court of Probate shall make a decree upon all appellate matters, including questions submitted to the consideration of a jury, by adopting, reversing or modifying the verdict, as, in his discretion, he may deem fair and just upon the law and evidence involved; and that the only probate case that can reach the jurisdiction of the Law Court without such decree, is upon a report or upon an agreed statement of facts.